DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| **CYRILLE GEORGE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**PUERTO RICO WIRE PRODUCTS, INC.,** )<br>)<br>**Defendant.** )<br>_____ ) | Civil Action No. 2020-0074 |

**Attorneys:**
**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Eugenio W.A. Geigel Simounet, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

  THIS MATTER comes before the Court on the "Motion for Remand" (Dkt. No. 4) filed by Plaintiff Cyrille George ("Plaintiff") seeking to remand this case back to the Superior Court of the Virgin Islands; Defendant Puerto Rico Wire Products, Inc.'s ("Defendant") "Opposition to Plaintiff'[s] Motion to Remand" (Dkt. No. 5); and Plaintiff's Reply (Dkt. No. 6). For the reasons discussed below, the Court will grant Plaintiff's Motion for Remand.

### I.  BACKGROUND

  On April 27, 2020, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands asserting that Defendant is liable for breach of contract and breach of implied warranty of fitness for a particular purpose. (Dkt. No. 1-1). The Complaint alleges that Plaintiff contracted with a farmer for work that required a backhoe, and therefore entered into an agreement for the purchase

of a backhoe with Defendant—a corporation organized under the laws of Puerto Rico. *Id.* at 1-2. Plaintiff paid the purchase price of $41,950 for the backhoe and it was shipped from Puerto Rico to St. Croix. *Id.* at 2. Plaintiff alleges that after one day of using the backhoe, the machine stopped working and Defendant agreed to replace it. *Id.* After much delay, Defendant shipped a second backhoe. *Id.* However, by the time it arrived, Plaintiff had lost his contract with the farmer and additionally incurred freight charges twice and other transportation costs related to the defective backhoe. *Id.* at 2-3.

On September 2, 2020, Defendant removed the action to this Court based on alleged federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1 at 2). Plaintiff then filed the instant Motion for Remand stating that Defendant has not established that diversity jurisdiction exists in this matter. (Dkt. No. 4 at 1). Plaintiff argues that although the parties are diverse, Defendant has failed to show that the amount in controversy meets the $75,000 threshold. *Id.* Plaintiff maintains that he is seeking damages for the lost contract and the freight charges and transportation costs incurred, which total approximately $26,200. (Dkt. Nos. 4 at 1-2; 4-1; 4-2; 4-3; 4-4). Plaintiff additionally argues that there is no federal question involved and that the dispute is governed entirely by local law. (Dkt. No. 4 at 2).

Defendant opposes Plaintiff's Motion for Remand, arguing that the Complaint vaguely seeks damages "as much as is proven at trial" and therefore may be seeking damages in excess of the amount claimed in the Motion for Remand. (Dkt. No. 5 at 2-3). Additionally, Defendant argues that this matter involves a federal question because the controversy arose out of interstate commerce. *Id.* at 4-5.

## II.    APPLICABLE LEGAL PRINCIPLES

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter

jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1441(a), a defendant "has the right to remove a civil action from state court if the case could have been brought originally in federal court." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties—that is, every plaintiff must be of diverse citizenship from every defendant. 28 U.S.C. § 1332(a); *see also Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). For a removal predicated on federal question jurisdiction, courts must determine if "a claim aris[es] under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. § 1331])." 28 U.S.C. § 1441(c).

The burden of establishing a federal court's subject matter jurisdiction rests on the party invoking that jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *The Fred, LLC v. Capstone Turbine Corp.*, Civil Action No. 2020-cv-0029, 2021 WL 1082513, at *1 (D.V.I. Mar. 17, 2021). "[I]n order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991)); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."). Pursuant to 28

U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. Diversity Jurisdiction

In order to establish diversity jurisdiction, Defendant must demonstrate that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The parties do not dispute that there is complete diversity of citizenship. (Dkt. Nos. 4 at 1; 5 at 1).[1] However, the parties dispute whether the amount in controversy has been met.

The general federal rule is that the amount in controversy is determined from the complaint itself. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 353 (1961)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.*; *see also* 28 U.S.C. § 1446(c)(2)(A)(ii) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."). The amount in controversy asserted by defendant in the notice of removal "should be accepted when not contested

---

[1] The Complaint asserts that Plaintiff is a resident of the Virgin Islands and Defendant is incorporated under the laws of Puerto Rico. (Dkt. No. 1-1 at 1). The Notice of Removal additionally states, without contradiction, that Defendant "is a company whose principal place of business and headquarters are located in the Commonwealth of Puerto Rico" and "Plaintiff is a citizen of the U.S. Virgin Islands." (Dkt. No. 1 at 1-2, 4).

by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87. When a plaintiff contests a defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88; *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

In this matter, the Complaint is silent as to the amount of damages sought. As Plaintiff notes, Virgin Islands law prohibits making a specific plea for damages in a complaint filed in the Superior Court. (Dkt. No. 6 at 1 (citing V.I. Code Ann. tit. 5, § 5 and V.I. R. Civ. P. 8(a)(3))). Defendant's Notice of Removal asserts that the $75,000 amount in controversy has been met based on the price of the backhoe (approximately $42,000) plus the loss of revenue, lost farming contract and costs arising from the shipment of the machinery which "undoubtedly" will make up the $33,000 difference. (Dkt. No. 1 at 6). Plaintiff contests Defendant's allegations regarding the amount in controversy. He argues that the Complaint does not seek damages for the approximately $42,000 price of the backhoe:

> [N]owhere in Plaintiff's prayer for relief in the Complaint does the Plaintiff ask for reimbursement of the price Plaintiff paid for the backhoe. As a matter of fact, Plaintiff acknowledges that Defendant supplied him with a second backhoe to replace the first one. That is accord and satisfaction. It stands to reason that there is no claim for the costs of the backhoe.

(Dkt. No. 4 at 1). Plaintiff maintains instead that the Complaint seeks damages for the freight charges, transportation costs, and the value of the lost contract. (Dkt. Nos. 4 at 2; 4-3; 4-4). In support thereof, Plaintiff has submitted two Bills of Lading, each reflecting freight charges of $1,145.00. (Dkt. Nos. 4-1, 4-2). Additionally, Plaintiff has submitted invoices reflecting Plaintiff's

5

previous demands to Defendant for the value of the lost contract, including reimbursement for lost wages, as well as transportation of the backhoe and the freight charges for each of the backhoe shipments, which total approximately $26,200.[2]

Because the Complaint is silent as to the amount in controversy and Plaintiff has challenged the amount asserted in Defendant's Notice of Removal, the Court must determine whether Defendant has carried its burden of showing that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88; 28 U.S.C. § 1446(c)(2)(B); *Scaife v. CSX Transportation, Inc.*, No. 3:19-CV-60, 2019 WL 3353727, at *5 (W.D. Pa. July 25, 2019) ("[B]ecause Plaintiffs challenged Defendant's amount-in-controversy allegation, the Court must now determine whether Defendant has shown that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence."); 14AA Wright & Miller, *Fed. Prac. & Proc.* § 3702.2 (4th ed. 2021) ("If the defendant establishes by a preponderance of the evidence that the amount exceeds the jurisdictional amount, the defendant, as proponent of federal jurisdiction, will have met the burden of establishing the jurisdictional facts.").

In its Notice of Removal, Defendant refers to the so-called "legal certainty" test for determining the amount in controversy. (Dkt. No. 1 at 5). However, the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") amended 28 U.S.C. § 1446 to include 28 U.S.C. § 1446(c)(2)(B), such that where—as here—the complaint does not state the amount in controversy

---

[2] Defendant has alleged that the invoices show that Plaintiff is demanding approximately $28,000 in damages. (Dkt. No. 5 at 1). However, based on the evidence submitted, the total amount of damages requested is approximately $26,200. (*See* Dkt. Nos. 4-3 (requesting total reimbursement of $24,865.00, including one freight charge); 4-4 (requesting reimbursement of $1,345.00, including one freight charge)).

and the plaintiff disputes the amount alleged by a defendant in a notice of removal, the applicable standard is the preponderance of the evidence test. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88; *Scott v. Cricket Communs., LLC*, 865 F.3d 189, 195 (4th Cir. 2017) ("Once [the plaintiff] challenged [the defendant's] allegations through a motion to remand, [the defendant] was required to prove [federal] jurisdiction exists by a preponderance of the evidence."); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("Defendants alleged satisfaction of the aggregate and individual jurisdictional amounts in their notice of removal, but Plaintiffs contested those allegations by filing a motion to remand. In such a case, the court must decide by a preponderance of the evidence whether the relevant amount in controversy is met."); *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) ("If . . . plaintiffs challenge the notice of removal allegation, 'removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" (quoting *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88)). Thus, the preponderance of the evidence standard applies here.[3]

---

[3] The Third Circuit has historically used the "legal certainty" test—in various forms—to determine the amount in controversy. However, since the Supreme Court's decision in *Dart*, the Third Circuit has not directly addressed a case such as this where, in a removal context, a complaint does not allege the amount in controversy due to state law restrictions and the plaintiff disputes the amount alleged by a defendant in a notice of removal. The Third Circuit has continued to apply the legal certainty test in other contexts. *See, e.g.*, *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (applying the legal certainty test in a non-removal context); *Schober v. Schober*, 761 Fed. App'x 127, 129 (3d Cir. 2019) (same). Several district courts within the Third Circuit have held that under the circumstances here the standard is a preponderance of the evidence as described in *Dart*. *See Manhattan Telecommuns. Corp. v. Granite Telecommuns., LLC*, 500 F. Supp. 3d 255, 261 (D. Del. 2020) ("[U]nder § 1446(c)(2)(B), if the complaint meets either of the two conditions set forth in § 1446(c)(2)(A)—that is, either (1) it seeks nonmonetary relief or (2) it was filed in a state court that does not allow for a demand of a specific sum or allows for a recovery in excess of a demanded sum—then a dispute over the amount in controversy is resolved using a preponderance-of-the-evidence standard. The Supreme Court confirmed in *Dart* that §

7

Defendant has not submitted any evidence as to the amount in controversy. Instead, Defendant argues that because Plaintiff has not made a specific claim, there may be more damages that Plaintiff will claim in addition to the amount claimed in the Motion for Remand. (Dkt. No. 5 at 3). While there are other monetary amounts that must be considered in determining the amount in controversy, this argument does not assist Defendant in carrying its burden under the circumstances here.

Punitive damages "must [be] consider[ed] when calculating the amount in controversy." *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."). However, even assuming—without deciding—that punitive damages could be recovered for Plaintiff's claims,[4] such damages must be pleaded in the Complaint. *See Myers v.*

---

1446(c)(2)(B) jettisoned the 'legal certainty' test for these circumstances."); *Scaife*, 2019 WL 3353727, at *3 ("While [the legal certainty] standard was the previously applicable standard for determining the amount in controversy upon removal, the standard changed in 2011 when Congress enacted the [JCVA]."); *Grace v. T.G.I. Fridays, Inc.*, Civil No. 14-7233 (RBK/KMW), 2015 WL 4523639, at *6 (D.N.J. July 27, 2015) ("If the preponderance of the evidence test applies when the plaintiff disputes the amount in controversy, and disputes may only arise after the notice of removal is filed, this suggests that the legal certainty test is unnecessary under the present circumstances."). In any event, even if the legal certainty test were to be applied here, this would not alter the Court's conclusion.

[4] *See, e.g.*, *David v. Scotland*, Case No. SX-13-CV-036, 2014 V.I. LEXIS 121, at *4 (V.I. Super. Ct. Feb. 3, 2014) ("Normally, 'damages for breach of contract have been limited to the non-breaching parties' expectation interest.'" (quoting *Mendez v. Coastal Systems Development, Inc.*, Civil No. 2005-0165, 2008 WL 2149373, at *14 n.15 (D.V.I. May 20, 2008))); *Rodriguez v. Jarrett*, Small Claims No. ST-12-SM-177, 2012 V.I. LEXIS 85, at *11 (V.I. Super. Ct. June 14, 2012) ("Punitive damages[, however] are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable." (quoting Restatement (Second) of Contracts §355 (1981)) (internal quotation marks omitted) (alterations in original)).

*Derr*, 50 V.I. 282, 290 (2008) ("Rule 9(g) of the Federal Rules of Civil Procedure requires that a litigant specifically plead for special damages in order to recover them."); *Tutein v. Ford Motor Co.*, 67 V.I. 144, 147 (V.I. Super. Ct. 2016) ("Special damages, including punitive damages must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(g). . . . Plaintiff did not request any special damages or punitive damages in his pleadings. . . . As such, the Court finds that Plaintiff failed to give Defendants sufficient notice as to the nature of the unusual damages claimed."). Plaintiff has made no demand for punitive damages in his Complaint.

Moreover, even if it was clear from the face of the Complaint that Plaintiff was seeking punitive damages, Defendant has not submitted any evidence or cited any cases demonstrating the potential value of any such claim for punitive damages. Defendant simply argues that there may be more damages than those specifically argued by Plaintiff. This is insufficient to sustain Defendant's burden to show that the Court may exercise jurisdiction over this matter because the amount in controversy would exceed the $75,000 threshold. *See Samuel-Bassett*, 357 F.3d at 403 ("The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated."); *Scaife*, 2019 WL 3353727, at *6 ("[G]eneral statements that the plaintiff[s] suffered severe injuries [do] not satisfy the burden of proof." (quoting *Stevenson v. Wal-Mart Stores, Inc.*, Civ. A. No. 14-4073, 2015 WL 158811, at *3 (E.D. Pa. Jan. 13, 2015)) (internal quotation marks omitted) (second alteration in original)); *Mordecai v. Progressive Cas. Ins. Co.*, Civil Action No. 19-4351, 2019 U.S. Dist. LEXIS 192331, at *11-12 (E.D. Pa. Nov. 5, 2019) ("Although Defendant is correct that punitive damages are properly considered in determining the amount in controversy . . . , it has not shown how such damages could, much less would, result in a total award to either Plaintiff of more than $75,000.").

In addition to requesting compensatory damages, the Complaint requests costs and attorney's fees. (Dkt. No. 1-1 at 4). Title 28 U.S.C. 1332 states that the amount in controversy is determined "exclusive of interest and costs." However, attorneys' fees and costs are included in determining the amount in controversy, when fees and costs are provided by statute, or when the underlying contract or instrument at issue provides for their payment. *See Auto-Owners Ins. Co.*, 835 F.3d at 401 ("Our precedent on the subject is straightforward: 'costs and attorneys' fees should be considered part of the amount in controversy for jurisdictional purposes when they are mandated by underlying instruments or contracts.'" (quoting *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 98 (3d Cir. 1996))); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[I]n calculating the amount in controversy, we must consider potential attorney's fees. Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."); *Frederico*, 507 F.3d at 199 (following *Suber*); *Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc.*, 245 Fed. App'x 161, 163 n.2 (3d Cir. 2007) ("Furthermore, when state law provides for the recovery of attorneys' fees by a successful plaintiff, those fees must be considered in calculating the jurisdictional amount in controversy."); *Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596, 601 (D.V.I. 2004) ("Attorney's fees are generally excluded in determining the amount in controversy unless provided by contract or statute."); 15A Moore's Federal Practice Civil § 102.106 (2021) ("As a general matter, attorney's fees do not constitute part of the matter in controversy because the successful party typically does not collect attorney's fees from the opponent in addition to, or as a part of, the judgment. However, two exceptions to this rule exist: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.").

In contrast to most jurisdictions in the United States, in the Virgin Islands, attorneys' fees are recoverable by statute generally, V.I. Code Ann. tit. 5, § 541, as opposed to specifically awarded pursuant to individual statutory causes of action.[5] *See Dorval v. Moe's Fresh Mkt.*, Civ. No. 16-61, 2019 WL 668217, at *2 (D.V.I. Feb. 19, 2019) ("The federal courts generally follow the 'American Rule' whereby each party bears the cost of its own attorney's fees. 5 V.I.C. § 541(b) provides an exception to the American Rule to allow fee-shifting in certain circumstances." (internal citations omitted)). Thus, while fees in the Virgin Islands are available by statute to a prevailing party as a general matter, it is arguable that they are not "available to successful plaintiffs under *the statutory cause of action*." *Suber*, 104 F.3d at 585 (emphasis added). It is therefore arguable that attorneys' fees awarded generally to prevailing plaintiffs under V.I. Code Ann. tit. 5, § 541 are more akin to the costs that are explicitly excluded by 28 U.S.C. 1332 as opposed to the attorneys' fees that would be included because they are a substantive part of a cause of action or damages. *See, e.g.*, *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) ("In the state court the present respondent sought to enforce the liability imposed by statute for his benefit—to collect something to which the law gave him a right. The amount [of attorneys' fees] so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes."); *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012) ("While attorney's fees are normally excluded from an amount in controversy determination absent a statute or contract providing for such fees . . . , fees for defending the underlying lawsuit in a Massachusetts abuse of process action are considered compensatory damages and not attorney's fees." (internal citations omitted)); 14AA Wright &

---

[5] Defendant has not presented any evidence of the underlying contract at issue and whether it provides for the collection of costs or fees in an action for breach of contract.

11

Miller, *Fed. Prac. & Proc.* § 3704.2 (4th ed. 2021) ("[I]n most instances those fees represent costs and usually are excluded from the amount in controversy measurement by the terms of the diversity statute itself. There are situations in which fees are an element of damages under the applicable substantive law, however.").

In any event, the Court need not resolve this issue because, even assuming that fees as provided under Virgin Islands law should be included in the amount in controversy, Defendant has not provided the Court with any evidence or any basis for the calculation of potential attorneys' fees. Accordingly, the Court finds that Defendant has not satisfied its burden to establish that the amount-in-controversy threshold has been met based on the inclusion of attorney's fees. *See Scaife*, 2019 WL 3353727, at *7 ("[W]hile a demand for attorney's fees is properly considered when determining the amount in controversy, Defendant has provided no evidence or even allegation as to the potential value of any attorney's fees award. . . . If this Court has to guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point." (quoting *Vizant Techs., LLC v. Ocean State Jobbers, Inc.*, Civil Action No. 14-6977, 2015 WL 500480, at *3 (E.D. Pa. Feb. 5, 2015)) (internal quotation marks omitted)); *Complete Bus. Sols. Grp., Inc. v. Annie's Pooch Pops LLC*, Civil Action No. 20-724, 2020 WL 4040589, at *2 (E.D. Pa. July 18, 2020) ("While Complete Business Group reserves the right to pursue attorneys' fees should Defendants challenge the confessed judgment, . . . ultimately, the Court is left to guess, one way or another, as to whether the amount-in-controversy will reach the required minimum."); *Four Winds Plaza Corp. v. Caribbean Fire & Assocs.*, Civil No. 2005-201, 2007 U.S. Dist. LEXIS 44920, at *28 (D.V.I. April 18, 2007) ("Plaintiffs here have failed to provide any estimates or evidence of such

estimates. [T]he Court cannot rely on conjecture in its determination of the jurisdictional amount at issue." (internal citations and quotation marks omitted)).[6]

Based on the unrebutted evidence submitted by Plaintiff that the amount in controversy is approximately $26,200, the Court finds that Defendant has not met its burden to establish that the Court may exercise jurisdiction over this matter based on diversity. *See Samuel-Bassett*, 357 F.3d at 403 ("doubts must be resolved in favor of remand"). Accordingly, Defendant's diversity jurisdiction argument is rejected.

### B. Federal Question Jurisdiction

Defendant also argues that the Court may exercise federal question jurisdiction over this matter. (Dkt. No. 5 at 4-5). This argument is also rejected.

For a removal predicated upon federal question jurisdiction, courts must determine if "a claim aris[es] under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. 1331])." 28 U.S.C. § 1441(c). When faced with determining whether the Court has original "arising under" jurisdiction, the "well-pleaded complaint" rule applies under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1988). Federal question jurisdiction may arise in two ways. First, "a case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)) (internal quotation marks omitted); *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 859 F. Supp. 2d 728, 732 (D.V.I. 2012). In those cases, federal courts unquestionably have federal subject matter jurisdiction.

---

[6] Indeed, the conjecture under the circumstances here would require the Court to conclude, without any basis, that an alleged $26,000 claim would generate attorneys' fees of almost $49,000—a highly unlikely scenario.

13

*Gardiner*, 859 F. Supp. 2d at 732 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Second, in a narrower category of cases, "a case may [also] arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Gardiner*, 859 F. Supp. 2d at 732 (quoting *Merrell Dow*, 478 U.S. at 808) (internal quotation marks omitted) (alterations in original). The framework for evaluating this second category of cases—which involves a "substantial federal question"—was laid out by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). Under the framework articulated in *Grable,* "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Goldman*, 834 F.3d at 249 (quoting *Gunn*, 568 U.S. at 258) (internal quotation marks omitted). "[T]he Supreme Court emphasized that *Grable & Sons* exemplified a 'slim category' of state-law claims which involve 'pure issues of law' and an application of those issues, which 'sensibly belong[] in a federal court.'" *Kalick v. Northwest Airlines Corp*, 372 Fed. App'x 317, 320 (3d Cir. 2010) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 700-01 (2006)) (alteration in original).

In its Notice of Removal, Defendant asserts that the Court "also may exercise its jurisdiction over the controversy brough[t] about by Plaintiff as it arises out of a contract, which as pled is governed by the [Uniform Commercial Code ("UCC")] and was caused by interstate commerce." (Dkt. No. 1 at 6). These arguments are unavailing.

The Complaint alleges claims for breach of contract and implied warranty of fitness for a particular purpose. (Dkt. No. 1-1). Neither of these causes of action are created by federal law. These are both territorial causes of action. *See Rodriguez v. Hovensa, L.L.C.*, Civil Action No.

2012-100, 2014 WL 1308836, at *4 (D.V.I. Mar. 31, 2014) ("A claim seeking redress under a state law cause of action is not a claim created by federal law." (citing *Gardiner*, 859 F. Supp. 2d at 735-36)).

Nor do these state law claims turn on a construction of federal law. *See Gardiner*, 859 F. Supp. 2d at 739. To the extent Defendant claims that the UCC governs the dispute—a dubious proposition based on the causes of action pleaded in the Complaint—the Virgin Islands, in any event, has adopted the UCC as territorial law. *See Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 819 (2017) (referring to "the UCC as adopted by the Legislature of the Virgin Islands."); V.I. Code Ann. tit. 11A, § 1-101, *et seq*. Therefore, any interpretation of the UCC would be a matter of territorial—not federal—law.

Lastly, Defendant argues that this controversy arises out of a transaction that passed through interstate commerce and involves a transaction between the Virgin Islands customs territory and Puerto Rico, and therefore raises a federal question. (Dkt. Nos. 5 at 4-5; 1 at 6-8). However, it is clear from the substance of the Complaint that there is no federal issue here that is "necessarily raised, . . . actually disputed, . . . substantial, and . . . capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Goldman*, 834 F.3d at 249. Indeed, if all garden variety breach of contract and implied warranty claims of the nature here fit into the "special and small category of cases in which arising under jurisdiction still lies," *id.*, few of such matters would escape the reaches of federal jurisdiction. This would turn on its head the basic precept that federal courts are courts of limited subject matter jurisdiction.

In short, because Defendant has failed to carry its burden of establishing that the case arises under federal law, the Court finds that it lacks federal question jurisdiction over Plaintiff's claims.

## IV. CONCLUSION

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over this matter based on either diversity or federal question jurisdiction, and will therefore grant Plaintiff's Motion for Remand.

An appropriate Order accompanies this Memorandum Opinion.

Date: August 10, 2021                                      _____/s/_____
                                                           WILMA A. LEWIS
                                                           District Judge